UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 07-CV-343-KSF

HAROLD G. E. OATNEAL                              PETITIONER

VS.             **MEMORANDUM OPINION AND ORDER**

WARDEN S. DEWALT                          RESPONDENT

       Harold G. E. Oatneal, also known as Anthony Montea Gillis ("Oatneal"), a prisoner incarcerated at the Federal Medical Center in Lexington, Kentucky, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction for escape under 18 U.S.C. § 751 [Dkt. 2]. This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002) (unpublished disposition).

       As Oatneal is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**DISCUSSION**

       Oatneal's petition, although couched in terms of a calculation of his sentence, challenges his August 30, 2006 conviction for escape from federal custody in violation of 18 U.S.C. § 751(a). His claim is based on his belief that at the time he escaped from federal custody he had already satisfied

all prior terms of incarceration. Oatneal has made this identical claim in three prior Section 2241 habeas corpus petitions. The Court has twice rejected his claim on the merits as factually incorrect, legally irrelevant, and not properly pursued in a Section 2241 petition. Oatneal's third petition was dismissed for failure to pay the $5 habeas filing fee. Oatneal has again failed to either pay the $5 filing fee or file an application to proceed *in forma pauperis*. Oatneal appealed the denial of his first habeas petition to the Sixth Circuit Court of Appeals, which affirmed that denial in all respects. *Oatneal v. United States*, 06-331-JMH, Eastern District of Kentucky [Dkt. 2, 4, 5, 9, 11 therein]; *Oatneal v. Dewalt*, 07-129-JMH, Eastern District of Kentucky [Dkt. 1, 6, 7 therein]; *Oatneal v. Federal Bureau of Prisons*, 07-204-JMH, Eastern District of Kentucky [Dkt. 2, 5, 7 therein]. On the merits, Oatneal's petition must be denied for the same reasons previously articulated by this Court. *See Oatneal*, 06-331-JMH at Dkt. 4.

Of more fundamental importance to the present petition is that it constitutes Oatneal's fourth attempt to obtain habeas relief on the same grounds previously considered and soundly rejected by this Court. Such conduct is unquestionably an abuse of the judicial process and will not be tolerated by the Court. The Court possesses the inherent authority to prevent the abuse of the judicial process by enjoining those who file multiple, frivolous, or malicious pleadings:

> Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). *See also Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.")

Where a litigant has "demonstrated a 'history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith . . .,'" the Court may enter an order prospectively denying *in forma pauperis* status and direct the Clerk of the Court to return, unfiled, any complaint or petition submitted by the litigant unless accompanied by the appropriate filing fee. *Render v. Swell*, 975 F.2d 258, 260-61 (6th Cir. 1992). The Court will not invoke this authority at this time, but Oatneal is cautioned that if he continues to file pleadings which are self-evidently frivolous or repetitious, the Court will direct him to show cause why an Order should not be entered directing the Clerk of the Court to refuse further filings from him absent an allegation of exigent circumstances supported by credible and documented evidence.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

(1) Petitioner Oatneal's petition for a writ of habeas corpus is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This 23rd day of October, 2007.



Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**